# Lake View Mining & Manufacturing Co. v. Hannon.

93　87|
104　320|
93　87|
121　676|
93　87|
132　188|

*Bill in Equity for Construction of Lease, and Injunction against Legal Proceedings for Forfeiture.*

1. *Construction of contract, as ground of equity.*—A court of equity will not entertain a bill which only seeks a judicial construction of a disputed stipulation in a lease, or other written contract, no element of trust being involved.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 30th January, 1891, by the appellant corporation, against Thos. E. Hannon and Roland S. Minor; and sought a judicial construction of certain provisions contained in a lease of mineral rights in land, which had been executed by said Hannon to Minor, and which the

[Lake View Mining & Manufacturing Co. v. Hannon.]

complainant claimed by assignment from Minor; also, an injunction "prohibiting the defendants severally from taking any steps, or doing any thing, looking towards a declaration of the forfeiture of said lease; that the rights of all parties under said lease may be ascertained, the provisions of said instruments be construed and determined, and the liability of complainant fully declared." The dispute between the parties, as to the construction of the lease, was in reference to the royalty reserved, and the manner in which it was to be calculated. The court dismissed the bill, on motion, for want of equity; and its decree is here assigned as error.

TULLY R. CORNICK, and HEWITT, WALKER & PORTER, for appellant, cited 4 Kent, 96; *Childs v. Clark*, 3 Barb. 53; Taylor's Land. & Tenant, §§ 16, 109, 426, 495; Co. Lit. 215 *a*; 8 Cowen, 206; Story's Equity, §§ 1315–16; 1 Pom. Equity, §§ 433–4; 54 Penn. 329.

WEBSTER C. SMITH, WEBB & TILLMAN, FEAGIN & WILKERSON, contra.

STONE, C. J.—This case seeks to raise two questions : first, to obtain equitable relief from what is claimed to be a penalty. 2 Sto. Eq. Ju. §§ 1313–16; 1 Pom. Eq. §§ 433–4. There are two reasons why we need not decide this question : *first*, it is not raised in the pleadings, and appears only in the argument of counsel; *second*, there does not appear to be any question of penalty in this case. Is not the royalty agreed to be paid liquidated damages?—*Powell v. Burroughs*, 54 Penn. St. 329; *Young v. White*, 5 Watts, 460; *Pearson v. Williams*, 26 Wend. 630.

A second object of the bill is clearly set forth in its averments. It was to obtain a judicial interpretation of one clause of the lease, under which complainant held and occupied mineral lands, which had been let to rent by Hannon to Minor, assigned by him to Shea, and by Shea to complainant. The lease was a letting by Hannon of the right to mine certain lands for iron ore, to continue for a term of years; Minor, the lessee, binding himself to produce, on an average, a certain number of tons per day, and, as rent, to pay an agreed royalty per ton, to be paid monthly. The question sought to be raised is one of simple legal right, without a single element of trust in its composition.

In 2 Pom. Eq. § 1064, it is said : "Whenever there is any *bona fide* doubt as to the true meaning and intent of provisions of the instrument creating the trust, or as to the particu-

lar course which he ought to pursue, the trustee is always entitled to maintain a suit in equity, at the expense of the trust estate, and obtain a judicial construction of the instrument, and directions as to his own conduct."—1 Pom. Eq. § 352, and note; 3 *Ib.* § 1156; 2 Sto. Eq. Ju. §§ 1065 *et seq.* In *Bowers v. Smith*, 10 Paige, 193, Chancellor Walworth employed this language: "But I am not aware of any case in which an heir at law of a testator, or a devisee, who claims a mere legal estate in the real property, where there was no trust, has been allowed to come into a court of equity for the mere purpose of obtaining a judicial construction of the provisions of the will. On the contrary, the decision of such legal questions belongs exclusively to the courts of law, except where they arise incidentally in this court in the exercise of its legitimate powers; or where the court has obtained jurisdiction of the case for some other purpose." In *Bailey v. Briggs*, 56 N. Y. 407, the court—Folger, J. delivering the opinion—said: "It is when the court is moved in behalf of an executor, trustee, or *cestui que trust*, and to secure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts.— *Youmans v. Youmans*, 26 N. J. Eq. 149; *Sellers v. Sellers*, 35 Ala. 235; *Trotter v. Blocker*, 6 Por. 269, 290.

Counsel have referred us to no adjudged case, or principle in a text-book, which sustains this feature of the bill; and we have found no authority for a bill to obtain the construction of a contract, which does not raise some doubtful question in the administration of a trust, in some of its varying forms. The bill is without equity.

Affirmed.