GRANVILLE C. STAPYLTON AS RECEIVER OF THE MERCHANTS NATIONAL BANK OF OCALA, FLORIDA, APPELLANT, VS. JESSE M. NEELEY AS ASSIGNEE OF JOHN A. ROWELL, APPELLEE.

### JUDICIAL DIRECTIONS TO TRUSTEE—HOW APPLIED FOR, AND WHEN MADE.

An application by a trustee to a court of equity for direction and guidance as to the disposition of the trust funds, when not made in a suit then pending, should be by bill and not by petition; and the applicant must be in possession of trust funds of which disposition is necessary to be made presently; and must show that there are conflicting claims, or the probability thereof; and the existence of no other means of determining rights or demands so as to protect the trustee from the risks of future liability or controversy.

Appeal from the Circuit Court for Marion County.

The facts of the case are stated in the opinion of the court.

*Robert McNamee* and *R. A. Burford,* for Appellant.

*Anderson & Hocker* and *O. T. Green,* for Appellee.

PER CURIAM.

This cause being reached for final adjudication was referred by the court to two of its commissioners, Mess. Maxwell and Glen, for investigation, who report the same suggesting reversal.

The appellee Jesse M. Neeley as assignee of John A. Rowell filed his petition in chancery in the Circuit Court of Marion county on the twenty-sixth of October, 1897, as follows:

"In the Circuit Court of the Fifth Judicial Circuit of Florida, in and for Marion County, in Chancery.

In the matter of the assignment of John A. Rowell.
To the Honorable W. A. Hocker, Judge of said court:

Jesse M. Neeley respectfully represents unto your Honor that he is the assignee of John A. Rowell, under deed of assignment executed by said Rowell to your petitioner, January 15th, 1897, and that he is now, and has been since said date in possession of all the assets conveyed to him by the said assignor. Your petitioner says that G. C. Stapylton, as Receiver of the Merchants National Bank of Ocala, Florida, has filed a claim in the sum of fifty-one hundred dollars against the assets in the hands of your petitioner, based upon an alleged assessment made by the Comptroller of the Currency, upon certain stock of the Merchants National Bank of Ocala, standing on the books of the said bank in the name of John A. Rowell, your petitioner's assignor, at the time said bank became insolvent, and was placed by the Comptroller of the Currency in the hands of the said Receiver.

Your petitioner says in this behalf that the alleged assessment made by the Comptroller of the Currency was not made and did not become a debt if at all against the said J. A. Rowell until long subsequent to the execution of the said deed of assignment, and long after the expiration of the time limited by statute for presenting claims against your petitioner's trust by domestic creditors; that the said claim was presented to your peti-

tioner by the said receiver, long after the expiration of said time.

Your petitioner further shows that no notice of such assessment has ever been given to the said J. A. Rowell, and that the only notice thereof was given directly to your petitioner, as assignee of the said Rowell.

Wherefore your petitioner says that the said claim for fifty-one hundred dollars, upon said assessment of bank stock, ought not to be allowed as a valid claim against the said trust, and should not be admitted to participate in forms thereof equally with other claims or debts arising and presented to your petitioner as assignee within the time limited by law.

Your petitioner has served upon said G. C. Stapylton, as receiver, a copy of this petition, and notice of presentation of same, and prays the court to make an order, such as may be legal and proper in the premises, and direct your petitioner as such assignee as to his duty in the premises, and decree whether or not the said G. C. Stapylton, receiver, is entitled to participate as a creditor in respect to said claim of fifty-one hundred dollars in the distribution of the funds in his hands as such assignee.

Jesse M. Neeley, Solicitor for J. M. Neeley, Assignee of John A. Rowell."

The sole defendant G. C. Stapylton, receiver, answered this petition combating the contention made therein that the claim of the receiver founded on the liability of Rowell, the assignor, as a stockholder in the suspended National Bank as assessed by the Comptroller of the Currency of the United States, was not entitled to share with other creditors who had filed their claims within the time prescribed by the statute in the distribution of the

assets of Rowell in the hands of the petitioner as assignee for the benefit of Rowell's creditors generally. The cause was heard in the court below upon the petition and answer and the following decree rendered therein on November 8th, 1897:

"The above matter came on to be heard before me pursuant to notice, and was argued by counsel for the respective parties, and upon consideration thereof, the court is of opinion, first, that at the time of assessment claim for fifty-one hundred dollars on account of stock assessment presented by the receiver was not a provable claim, and that under said claim he is not entitled to share equally with the other creditors of the estate of the assets in the hands of the assignee; second, that the claim not having been filed within the time fixed by the statute, the same, though not barred, is made subject, or junior, to the claims of the creditors filed within said time and is not entitled to distribution until after said claims which were filed in time have been paid. It is therefore considered, ordered, adjudged and decreed by the court that the said claim of said receiver be disallowed; and the assignee is directed not to pay the same, or any part thereof, until after the claims which have been filed within the statutory time have been paid. At Chambers, Ocala, Fla., 8th November, 1897. W. A. Hocker, Judge."

From this decree the appeal is taken.

This decree is erroneous, because the petition upon which it is founded does not present a set of facts or circumstances that justified a court of equity in either entertaining the case as presented or in granting the relief prayed and adjudged. Had the petitioner as assignee filed a bill in proper form, making all persons parties who claim debts against the estate, alleging the assign-

ment to him for the benefit of the creditors generally of the insolvent debtor Rowell, and that he had collected the assets of said estate and converted them into money and was now ready to make distribution of the same among the creditors lawfully entitled to share therein and that among the debts presented were one or more as to whose lawful right to share in such distribution he was in reasonable doubt and embarrassment, giving the facts and circumstances connected with such claims that gave rise to such doubts and embarressment, and praying for the advice and direction of the court in the premises, and as to the proper distribution and payment of the trust funds in his hands, it would have been proper for the court after due investigation of the matters alleged to have made a decree directing how and what distribution of the funds should be made, including lawful, and excluding unlawful, claims from the distribution ordered. But the petition filed here does not show that the petitioning assignee has arrived at the point where he is ready to make distribution of any funds in his hands, or that the assets in his hands are in proper shape for distribution, or that they ever will be. Neither does it give the names of any other creditors of said estate, nor the amounts or particulars of their respective claims. It presents the case of an assignee or trustee for the benefit of the creditors generally of an insolvent estate, pending his administration thereof, and before he is ready to make distribution of its assets among those entitled thereto, and without showing that there are any funds out of which anyone will ever be entitled to distribution, coming prematurely to the court of chancery and demanding of it an adjudication as to the legality of an individual isolated claim presented against the trust estate in his hands, and as to its right at some indefinite time in the future to share in

funds that may or may not in the future come to his hands for distribution. Such a proceeding is unauthorized, and if permitted in the case of one claimant could be exercised piecemeal as to every disputed claim against the estate, prolonging indefinitely the final settlement of the claims justly entitled to the trust funds, and giving rise to a multiplicity of endless litigation.

An application by a trustee to a court of equity for direction and guidance as to the disposition of the trust funds, when not made in a suit then pending should be by bill and not by petition (Gibbons v. Shepard, 125 Mass. 541), and the applicant must be in possession of trust funds of which disposition is necessary to be made presently, and must show that there are conflicting claims, or the probability thereof; and the existence of no other means of determining rights or demands so as to protect the trustee from the risks of future liability or controversy. Bullard v. Attorney-General, 153 Mass. 249, 26 N. E. Rep. 691; Clay, Admr. v. Gurley, Admr., 62 Ala. 14; Dimmock v. Bixbey, 20 Pick. 368; Rothgeb v. Mauck, 35 Ohio St., 503; Rexroad v. Welles, 13 West Va. 812; O'Cain v. O'Cain, 51 South Ca. 348, 29 S. E. Rep. 68. Even were we to overlook the fact that this proceeding is by petition instead of by bill and should treat it as a bill, still it fails to present a case where the relief prayed is authorized, and such being the case it is the duty of the appellate court to notice the defect although it has been ignored in the pleadings, assignment of error and arguments. Richardson v. Gilbert, 21 Fla. 544, and cases there cited.

The decree of the court below in said cause is hereby reversed with directions to dismiss the petition. Costs to be paid by the appellee.