147 So. 161

## COLLINS v. MORGAN COUNTY NAT. BANK.

### 8 Div. 459.

Supreme Court of Alabama.

March 23, 1933.

Chas. H. Eyster, A. J. Harris, and Norman W. Harris, all of Decatur, for appellant.

378

Tennis Tidwell, of Decatur, for appellee.

FOSTER, Justice.

■ The deposits of March 16 and 17, 1932, show clearly that the purpose was not intended to create the ordinary condition of a general deposit with the result of making the bank a general debtor. Morse on Banks, § 183. But the money was intended to remain in the same specie as when deposited. It was a special deposit. First National Bank v. Henry, 159 Ala. 367, 49 So. 97; Talladega Ins. Co. v. Landers, 43 Ala. 115, 138.

On both occasions the same three persons executed an instrument undertaking to describe, in some measure, the character of the arrangement as understood by all persons. The same three persons and the bank executed both instruments. They both recite that the deposit is made "in trust without prejudice to the rights of either (any) party." The only difference in legal effect is that the instrument of March 17th recites that it is delivered as the property of L. R. Robertson, and there is no such statement in that of March 16th.

■ A "special deposit" is where the money is to be kept in the same form and not commingled with the assets of the bank. In some cases it is said that thereby the relation of bailor and bailee is created. Alston v. State, 92 Ala. 124, 9 So. 732, 13 L. R. A. 659; Bloomheart v. Foster, 114 Kan. 786, 221 P. 279; Morse on Banks, § 183, note; 7 Corpus Juris 630, § 306.

In some it is said that the relation is that of a trustee and beneficiary. Washington Shoe Mfg. Co. v. Duke, 126 Wash. 510, 218 P. 232, 37 A. L. R. 611; Morse on Banks, § 180, note; 7 Corpus Juris, 632; Parker State Bank v. Pennington (C. C. A.) 9 F.(2d) 966.

■ When a special deposit is made for some specific purpose, other than to be safely kept and returned to the depositor, though it partakes of the nature of a bailment, it is of a peculiar class and creates a trust. Parker State Bank v. Pennington, supra; 7 Corpus Juris, 632; 39 Cyc. 71; In re Interborough Consol. Corp. (C. C. A.) 288 F. 334 (12), 32 A. L. R. 932; McKee v. Lamon, 159 U. S. 317, 322, 16 S. Ct. 11, 40 L. Ed. 165, 167; 26 R. C. L. 1200, § 37. The relation of bailment is quite clearly related to a trust. 6 Corpus Juris, 1084; 39 Cyc. 17.

■ The instruments in this case expressly declare the relation of trust to apply. Since they do not show a purpose merely to return the property to the depositor, but give no direction as to its disposition, and one shows that it was unearthed at the home of L. R. Robertson, and the other that it is deposited as his property, and in both that the rights of either (or any) person are not thereby affected, and that it is made in trust, and the deposit was by persons who did not, in the instruments, declare that they, or any of them, claimed it, or any of it, and that it came from L. R. Robertson who was then sick, we think that the bank was more than a mere bailee, but that it assumed a trust relation, and the burden of making a proper disposition of the property so deposited.

The bill shows that the bank has used some of the money in paying the expenses of the sickness of Mr. Robertson, and will doubtless need to continue to do so. It is in form a bill of interpleader making the three depositors, Mr. Robertson himself, and an-

other, parties. It asserts that one of them, Mrs. Collins, claims the first deposit, by gift of Mr. Robertson, though she is not alleged to claim an interest in the second; that another claims interest in the second deposit, but not in the first; that another claims the right to possess and manage the second deposit under a power of attorney; that Robertson denies the claims of them all.

Mrs. Collins claims that the bill is multifarious, for that it is an interpleader in respect to two separate and distinct funds, claimed by separate and distinct claimants, and no other question is here presented. But our view is that even if treated strictly as a bill of interpleader, all the circumstances show that the second deposit related to and was connected with the first in such close fashion as to make it essentially a continuation of the business of the first, making it in effect a single fund though occurring in two transactions. In this view of it, it is immaterial that the claims of each of the claimants do not extend to a share in the entire fund. Forcheimer v. Foster, 192 Ala. 218, 68 So. 879.

But we think it would be altogether appropriate to treat the bill as one by a trustee to its court of equity for directions, for the rule is well understood that: "Whenever there is any bona fide doubt as to the true meaning and intent of provisions of the instrument creating the trust or as to the particular course which he ought to pursue, the trustee is always entitled to maintain a suit in equity at the expense of the trust estate, and obtain a judicial construction of the instrument and directions as to his own conduct." 1 Pom. Eq. § 352; 2 Story on Eq. § 1065; Ashurst v. Ashurst, 175 Ala. 667, 672, 57 So. 442; Lake View M. & M. Co. v. Hannon, 93 Ala. 87, 9 So. 539; Clay v. Gurley, 62 Ala. 14, 21; Trotter v. Blocker, 6 Port. 269; Stapylton v. Neeley, 44 Fla. 212, 32 So. 868.

The bill may not contain the averments or special prayer usual for such relief as they are aptly set forth in the Florida case, supra, but the point here made is only one of multifariousness, and under the allegations and general prayer, complainant could have such form of relief, and certainly needs it in respect to paying bills for the expenses of Mr. Robertson, and a distribution of the corpus to whomsoever it may belong.

We are in accord with the circuit court that the bill is not multifarious, and its decree is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.