171 So. 353

## STEELE et al. v. FIRST NAT. BANK OF MOBILE et al.

### 1 Div. 932.

Supreme Court of Alabama.

Dec. 17, 1936.

Gordon, Edington & Leigh, of Mobile, for appellants.

Smith & Johnston, of Mobile, for appellees-administrators.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, pro se.

GARDNER, Justice.

Complainants, administrators of the estate of Margaret Cox, deceased, file this bill of interpleader, and deposit in court the sum of $8,400, decreed on partial settlement of said estate to be paid defendants Robertha and Albert Steele, as heirs at law of said Margaret Cox, upon which judgment or decree defendant law firm of Stevens, McCorvey, McLeod, Goode & Turner assert an attorney's lien for services rendered said heirs.

■ Complainants are shown to be mere stakeholders, and the bill discloses upon its face they are wholly disinterested in the subject-matter of the suit, thus meeting one of the prime requisites of a bill of interpleader. Missouri State Life Ins. Co. v. Robertson Banking Co., 223 Ala. 177, 134 So. 800; Marcus v. People's Savings Bank, 227 Ala. 576, 151 So. 467; Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 416, 132 So. 632.

The cited cases are distinguished in First National Bank v. McKee, 227 Ala. 573, 151 So. 444, from that character of suits wherein the claimant seeks kindred relief by virtue of the provisions of section 10390, Code 1923.

■ The original bill sufficiently discloses the claim of the respective parties, the doubt as to the proper course to be pursued, the hazard of any action on complainants' part without authoritative sanction, and there was no necessity, as seems to be advanced in argument, that complainants go further and show an apparent title in either. 4 Pomeroy Eq.Jur.(3d Ed.) § 1328; 33 Corpus Juris 430; Modern Order of Praetorians v. Merriman, 204 Ala. 197, 85 So. 473.

The original bill was not subject to any assignment of demurrer interposed thereto. Enterprise Lumber Co. v. First National Bank, 181 Ala. 388, 61 So. 930; Johnson v. Blackmon, 201 Ala. 537, 78 So. 891; Collins v. Morgan County National Bank, 226 Ala. 376, 147 So. 161; section 10390, Code.

■ The claimant law firm (so designated for brevity) asserts its lien by virtue of services rendered, under contract, for the named heirs in the matter of the Margaret Cox estate, wherein said heirs have been decreed the sum deposited in court. There is sufficient privity between these claimants to justify a bill of interpleader (33 Corpus Juris 433, 434), and the insistence the bill is defective in that the claims are not derived from a common source (citing Kyle v. Mary Lee Coal & Ry. Co., 112 Ala. 606, 20 So. 851; Gibson v. Goldthwaite, 7 Ala. 281, 42 Am.Dec. 592; Davis v. Douglas, 12 Ala.App. 581, 583, 68 So. 528) is without merit. Crass v. M. & C. R. R. Co., 96 Ala. 447, 11 So. 480; Marsh v. Mutual Life Ins. Co., 200 Ala. 438, 76 So. 370; Enterprise Lumber Co. v. First National Bank, 181 Ala. 388, 61 So. 930.

■ The defendant law firm interposed its claim, which is in the nature of a cross-complaint, and properly to be so designated (33 Corpus Juris 459), and demurrer interposed thereto was overruled. All parties treat this ruling as also here properly presented for review, and we will likewise so consider it.

In the cross-complaint the law firm has set out in full its engagement contract with the parties, and subsequent contract in relation to such engagement. The firm represented under this contract several of the heirs of Margaret Cox, deceased. This litigation, however, concerns only Robertha and Albert E. Steele.

A short while after such employment, one William Cox, Jr., made claim as the sole heir and next of kin of Margaret Cox, deceased, and instituted an ejectment suit against Robertha and Albert E. Steele, and the other heirs of Margaret Cox to recover all the realty belonging to her estate. After this suit, and after it became apparent that William Cox, Jr., was claiming the entire estate, the firm entered into another written contract with these same heirs providing for a fee on a contingent basis. In this contract it is expressly stated that these heirs recognize that their right to any property of Margaret Cox, deceased, is being disputed and will be litigated, and they fully understand that the administrators, who had then been appointed, had employed the same firm, and for such serv-

247

ices in the administration of the estate and defending certain specified suits, the firm should be paid from assets of the estate. The contract then continues, to use its language:

"However, the fight which you will have with Willie Cox, Jr., is, of course, primarily for our benefit as the heirs at law of Margaret Cox, deceased, and inasmuch as your services are to be on a contingent basis, and you are not to receive any fee for services rendered to us unless we realize something from this estate, we hereby agree with you that for such services as you render to us in the premises you are to receive a contingent fee equal to twenty-five per cent of the amount received by us," with other details unnecessary to note.

It is alleged that the firm has properly, carefully, and diligently performed all the duties imposed upon it by the contract of employment, and that on a partial settlement in the Margaret Cox estate matter decrees have been rendered in the probate court of Mobile county in favor of Robertha and Albert E. Steele for $4,200 each, being the respective amounts due them as heirs at law of Margaret Cox. Upon such decrees, the firm claims a lien for its attorney's fee.

There are also allegations to the effect that the validity of the contract had never been questioned until after the firm, as attorneys for the administrators, had successfully defeated a suit by the mother of Robertha and Albert E. Steele for $90,000 against said estate.

There are also averments as to the voluntary proportional reduction of the fee to be paid by reason of compensation from the administrators, but these are not material to the question in hand.

▌ The argument in large part appears to rest upon the assumption the law firm represented only the administrators, and not these heirs, and that there is inconsistency in the representation of each. But the very contract entered into by the parties recognizes no inconsistency, and the employment by these heirs was based upon the challenge made against their heirship to the estate. The administrators are primarily concerned with charges against the estate, and the proper collection of its assets. They are also interested, of course, in the proper distribution thereof for their own protection in the administration of the trust, but, as between contesting claimants

to an estate, the contestants are the ones primarily interested, and there was no inconsistency in the employment by these heirs of the law firm which likewise represented the administrators. And, as previously observed, these heirs recognized this fact, and made the employment with that distinct understanding. It is also argued that in the procurement of the judgment or decree the law firm represented the administrators and not the heirs, and, therefore, the lien does not attach (citing section 6262, Code; Jackson v. Clopton, 66 Ala. 29; Hale v. Tyson, 202 Ala. 107, 109, 79 So. 499; King v. Acuff, 218 Ala. 619, 119 So. 833; Johnson v. Riddle & Ellis, 204 Ala. 408, 409, 85 So. 701; Mosely v. Norman, 74 Ala. 422, 426; Kelly & Middleton v. Horsely, 147 Ala. 508, 511, 41 So. 902, 903; Owens v. Bolt, 218 Ala. 344, 118 So. 590), which have been duly examined. They do not militate against the conclusion here reached, and a differentiation as to each of these cases would serve no useful purpose. Suffice it to say the averments of the cross-complaint sufficiently disclose that the decrees rendered on partial settlement in favor of these heirs were the result of the due performance of the contract on the part of the law firm in defending the rights of these parties as heirs of Margaret Cox, deceased, as against the claimant, Willie Cox, Jr., and that in the absence of successful representation in this regard no such fund would have been available for distribution to these heirs.

Perhaps in the course of administration and in making partial settlement and drawing up the decree therefor, the firm may have in that sense been representing the administrators. But it must be observed that the "lien of an attorney has in it much of an equity, especially in its operation upon judgments or decrees" (Mosely & Ely v. Norman, 74 Ala. 422), and if the judgment or decree represents the fruits of the labor of the firm as representing these heirs under the contract, the lien attaches. As said in the Mosely & Ely Case, supra, "If the solicitor had rendered service in obtaining an allowance of such credit, and in the consequent creation of such balance, a lien for reasonable compensation for such service would be just and equitable." And the court further observed: "There is much of justice in the observation of a recent writer: 'Courts, being bound to protect the attorney so far as possible, will always examine and inquire into the equities.

of the case, and will sustain or defeat the lien accordingly.' " And in Kelly & Middleton v. Horsely, supra, it is said that while a client may dispense with the services of an attorney at will, and a motion for substitution be granted, yet it is subject to the "attorney's lien upon a fund brought into court through his efforts, or on a judgment obtained by his services."

And this principle was enforced in Owens v. Bolt, 218 Ala. 344, 118 So. 590, distinguished in King v. Acuff, 218 Ala. 619, 119 So. 833. Counsel lay much stress upon this latter authority, but it is readily distinguishable from the instant case. In King v. Acuff, supra, the court was careful to note that the services of the attorney resulted in no recovery of property for his client. This was the keynote of the decision.

But here the services rendered did result in a recovery of a judgment in favor of these heirs on partial settlement of the estate. In the Acuff Case, supra, the court expressed no disposition to a narrow construction of our statute as to an attorney's lien, recognized that it had been broadened (as for instance its inclusion of a lien on a pending suit, Gulf States Steel Co. v. Justice, 204 Ala. 577, 87 So. 211), and that the broadened statute had indicated a legislative preference for the substance and incidents of the lien as declared in the Georgia statute, which has been adopted here. That authority does not in any manner militate against the conclusion here reached.

The cross-complaint sufficiently shows that the decree in favor of these heirs is the result of the labor of this firm in the full performance of its contract of employment, and the fixation of a lien thereon so as to regard the firm as assignee thereof to the extent of the fee due to be paid, is but to give effect to the fundamental principle upon which such lien rests, that is, the natural equity which "forbids that a' party should run away with the fruits of the cause without satisfying the legal demands of his attorney." Upon principle and authority, we conclude the cross-complaint was likewise not subject to the demurrer interposed.

It results that the decree of the chancellor will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.