9 So.2d 744

**PRATT v. FIRST NAT. BANK OF FAYETTE.**

6 Div. 999.

Supreme Court of Alabama.

June 25, 1942.

Rehearing Denied Oct. 8, 1942.

Chauncey Sparks, of Eufaula, for the petition.

Thos. S. Lawson, Atty. Gen., and Walter W. Flowers, Asst. Atty. Gen., opposed.

John C. Pearson, Reuben H. Wright, and Ward W. McFarland, all of Tuscaloosa, for appellant.

S. T. Wright and Alex Smith, Jr., both of Fayette, for appellee.

**BOULDIN, Justice.**

This proceeding, by appeal, with alternate petition for mandamus, is to review the order of the court below holding this a proper case for interpleader at law, substituting the claimant as party defendant, and discharging the original defendant. Code of 1923, § 10386, Code of 1940, Title 7, § 1179.

The action was on a certificate of deposit issued by the bank to the plaintiff, Ida B. Pratt.

The defendant bank, by sworn petition, disclosed that the fund represented by the certificate was claimed by the administrator of the estate of A. J. Pratt, the deceased husband of plaintiff.

This certificate issued July 10, 1939, represented a fund which had been on time deposit in the bank since 1936. Time certificates had been issued every six months, each taken up, cancelled and marked paid at maturity, and a new certificate issued for principal and accrued interest. At first certificates were issued to "A. J. Pratt or E. E. Pratt," payable to "either or survivor."

On January 3, 1938, by direction of A. J. Pratt, the new or renewal certificate was issued to "A. J. Pratt and Mrs. Ida B. Pratt," payable to "A. J. Pratt and Mrs. Ida B. Pratt." At the same time these two, husband and wife, executed and filed with the bank "a Joint Depositors Agreement" covering savings accounts, time deposits and checking accounts, all declared to be the joint property of the signers, with power in either to withdraw, and in case of the death of either, the survivor to have the absolute right to withdraw and be paid the fund in full.

New renewal certificates in the same form were issued July 8, 1938, and January 9, 1939.

A. J. Pratt died July 1, 1939. On July 10th Ida B. Pratt, survivor, turned in the certificate maturing July 9th, which was cancelled, marked paid, and a new certificate issued at her instance to "Mrs. Ida B. Pratt and I. L. Pratt" payable to "Ida B. Pratt or I. L. Pratt." I. L. Pratt, the son, transferred all his right therein to Ida B. Pratt, and he was eliminated from the litigation.

After the issuance of this certificate, and before maturity, the bank received notices in writing from M. B. Curry, the administrator of the estate of A. J. Pratt, deceased, that the heirs claimed this fund was owned by decedent at the time of his death, and, thereupon, the administrator claimed the fund as the property of the estate.

The bank, after such notice, declined to pay the certificate at maturity, January 10, 1940. This suit promptly followed.

There is no question of collusion between the bank and the claimant. The fund, $4,309.35, was paid into court as per statute. The claimant appeared and asserted a claim to the fund as the property of his intestate at the time of his death.

In such event the statute provides: "The court must first determine whether it is a proper case of interpleader, and if so, must make an order" of substitution, &c. This clause first appeared in the Code of 1923, § 10386. However, it had all along been held that statutory interpleader is governed by the general principle applicable to interpleader in equity. Marsh v. Mutual Life Ins. Co. 200 Ala. 438, 76 So. 370; Stewart v. Sample, 168 Ala. 270, 53 So. 182; McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A.L.R. 761; Lokey v. Ward, 228 Ala. 559, 154 So. 802.

The purpose of this preliminary finding is not to try the issues between plaintiff and claimant; but to determine whether the claimant should be substituted as defendant that the rights of plaintiff and claimant may be litigated directly between them. The ruling of the trial court holding this a proper case for interpleader is challenged on the ground that plaintiff, as disclosed by the transactions above outlined, is, as matter of law, entitled to recover.

It seems not to be questioned that by a joint depositor's agreement, as here, the husband and wife may, and, on the face of the papers, did vest title to the certificate outstanding at the husband's death, and the fund represented thereby in the surviving wife; and on maturity the bank properly recognized the wife's right to the fund on surrender of the certificate.

■ There was no fault anywhere in marking that certificate paid, cancelling same, and on request of the wife, issuing her a certificate for the fund if she desired it to remain on time deposit in the bank. First Nat. Bank of Birmingham v. Lawrence, 212 Ala. 45, 101 So. 663; Kelly v. Beers, 194 N.Y. 49, 86 N.E. 980, 128 Am. St.Rep. 543, 547; 3 R.C.L. 527, § 155; 9 C.J.S., Banks and Banking, § 286, p. 595.

■ The fact that the certificate in suit was properly issued to the plaintiff, and as between her and the bank, there is no question of her right to recover, is not an objection to interpleader, but rather an occasion therefor. The defendant must be in the position of an indifferent stake-holder confronted with conflicting claims. It is not for him to take sides in interpleader proceedings. McDonald v. McDonald, supra; Fourth Nat. Bank of Montgomery v. Woolfolk, 220 Ala. 344, 125 So. 217; Marsh v. Mutual Life Ins. Co. supra; Steele v. First Nat. Bank of Mobile, 233 Ala. 246, 171 So. 353.

■ Interpleader does not lie where, by some wrongful act of the defendant, he has involved the plaintiff and claimant in a controversy from which he seeks to extricate himself; or has, by his own act, incurred an independent liability to plaintiff. This means a state of facts under which defendant, in equity and good conscience, is bound to pay plaintiff, regardless of the merits of the claim of a third person. Finn v. Missouri State Life Ins. Co., 222 Ala. 413, 132 So. 632; Conley v. Alabama Gold Life Insurance Company, 67 Ala. 472; Stewart v. Sample, supra; Kyle v. Mary Lee Coal & Railway Co. 112 Ala. 606, 20 So. 851; 4 Pomeroy's Eq. 3178, § 1326.

Defendant has done nothing to cut off a right of interpleader, under this rule. It acted throughout strictly in accordance with its legal obligation evidenced by writings of the plaintiff and the husband in his lifetime.

The fund remaining in the bank, and paid into court, is the subject matter of the conflicting claims. It cannot be said as matter of law that in no event could this fund belong to the husband at the time of his death. If actually paid over to the wife, instead of remaining in the bank, the ownership of the fund would not have been changed. When the bank was given notice of the claim of the administrator to the fund, it cannot be said no hazard of a double liability may have confronted the bank.

It has been said that not every unfounded claim to the fund will support interpleader. The hazard of double liability is often stressed as a basis for interpleader. Commonwealth Ins. Co. of New York v. Terry, 230 Ala. 125, 159 So. 822; Modern Order of Prætorians v. Merriman, 204 Ala. 197, 85 So. 473; Marx v. Lining, 231 Ala. 445, 165 So. 207.

■ On the other hand it has been twice declared by this court: "The office of an interpleading suit is not to protect a party against a double liability, but against double vexation in respect of one liability." Sovereign Camp, W. O. W., v. Partridge, 221 Ala. 75, 127 So. 505; Johnson v. Blackmon, 201 Ala. 537, 78 So. 891.

■ The terms of the statute, itself, should be kept in mind. Its express terms disclose the legislative intent. It looks to a convenient and speedy remedy in a special class of actions. The action must be on a contract for the payment of money. There must be no collusion between defendant and a third party claimant. This fact must be disclosed by affidavit and the money sued for paid into court. If claimant appears to claim the money, these facts make a case for interpleader unless other facts disclose it to be inequitable to permit defendant to thus remove himself from the litigation. The statute, in effect, declares it more fitting that any issue as to ownership of the fund sued for be litigated directly between the parties claimant; not by one ready and willing to pay it, but confronted with conflicting claims thereto, not due to any fault on his part, and under no duty to take sides in the real controversy.

■ We are of opinion this case is within the terms, the spirit and purpose of the statute, and there was no error in the ruling of the trial court.

Affirmed.

All Justices concur, except KNIGHT, J., not sitting.