This is an appeal from judgment permitting interpleader, discharging the stakeholder under Rule 22, Alabama Rules of Civil Procedure, and denying motion for summary judgment.
On May 16, 1973, First National Bank of Birmingham filed a Bill of Interpleader under Equity Rule 36. The bill set out in detail progressive facts which occurred between the Bank and certain depositors, beginning in 1962 and culminating in 1973. Bank alleged that it possessed $6,116.07 claimed by defendants separately. It stated it had no interest in the claim of either claimant. It presented the money in court asking to be discharged from further liability.
After pleas in abatement were overruled, claimants filed answers. The answer of claimant Dick alleged that the Bank was not merely a disinterested stakeholder, but had by fraud and collusion with the other claimant brought about the controversy. Dick charged the Bank had an independent liability to her arising from contract and/or tortious conduct. Dick further alleged that her right to the funds sought to be interpleaded had been previously determined by an order of the probate court approving final settlement of an estate. The court was requested to deny interpleader and award Dick interest and attorney fees.
 Motion to Dismiss
Claimant Murray has filed a motion to dismiss the appeal on the grounds that neither of the aspects of the judgment below from which appeal is taken is such a final order as will support an appeal.
We agree that an order denying summary judgment is usually not appealable. Such order is usually based upon the existence of a triable issue of fact and retains the matter pending for trial. The order is interlocutory and unless made appealable by statute, will not support an appeal. Moore's Federal Practice, 2nd Ed. Vol. 6, Part 2, Sec. 56.21 (2), (cases footnoted therein). We dismiss the appeal from the denial of motion for summary judgment.
The granting of interpleader and discharging the stakeholder is not a final judgment as to all the matters before the court. The claims to the interpleaded funds remain before the court. Therefore, the granting of interpleader, even though one of the claimants asserts independent liability against the stakeholder, is interlocutory and not appealable unless made so by certification under Rule 54 (b) ARCP. Guy v. CitizensFidelity Bank Trust Co., 6 Cir., 429 F.2d 828; Republic ofChina v. American Express Co., 2 Cir., *Page 925 195 F.2d 230; Wright Miller, Federal Practice Procedure, Vol. 7, Sec. 1720. The "certification" referred to is, in the words of Rule 54 (b),
 "[A]n express determination that there is no just reason for delay and . . . an express direction for the entry of judgment."
The court in this case exercised its discretion, apparently sua sponte, and expressly found no reason for delay and entered judgment granting interpleader and discharging the Bank. Such entry provided the authority for an immediate appeal. We find the judgment granting interpleader proper for appeal.
 On Merits
The bill of interpleader may be summarized to aver as follows: In 1962, a joint savings account was opened at a branch of the Bank by W.M. Webb and Annie Jane Webb. The terms of the account provided that either party or the survivor could withdraw the account. In 1970, a daughter of the Webbs, defendant Edna Murray, informed the Bank that her parents had entered a nursing home and wished to close the old account and open a new joint account in the names of W.M. Webb and Edna W. Murray. A signature card executed by Edna W. Murray and W.M. Webb was furnished the Bank. The funds in the old account were then transferred to a new account as requested. Subsequently, at the request of Edna Murray, the second account was closed and the funds therein were transferred to a third account in the sole name of Edna W. Murray. Thereafter, Murray informed the Bank that W.M. Webb was out of the nursing home, had possession of the account passbook and wished his name added to the account. Webb appeared at the bank and executed a signature card.
The account continued in this manner, with deposits being made until the death of W.M. Webb on October 2, 1972. On October 6, 1972, Odelle Dick advised the Bank that she was the executrix of the will of W.M. Webb, presented letters testamentary with the account passbook and requested transfer of the funds to a new account in the name of the Estate of W.M. Webb, Odelle Dick, Executrix. A checking account was opened in the same name and on March 20, 1973, the funds in the savings account were transferred to the checking account.
April 4, 1973, attorney for Edna W. Murray demanded delivery of the balance in the joint account she shared with her father W.M. Webb at the time of his death. Odelle Dick, as executrix, demanded that the balance in the checking account be paid to her so that distribution might be made according to a decree of the Probate Court of Jefferson County, approving final settlement of the estate of W.M. Webb.
The Bank averred that it was a mere stakeholder of $6,116.07 and had no interest in the funds. It requested that Odelle Dick, as executrix, Edna W. Murray and Annie Jane Webb be made defendants and that it be discharged from further liability. The sum of $6,116.07 was deposited with the court. The answer of Dick to the bill alleged that the Bank was not a disinterested stakeholder but had incurred an independent liability to her by placing the funds in her account, accepting and paying various checks written by her. She alleged that there had been fraud and collusion between the Bank and Edna W. Murray which resulted in the name Murray being placed on the account. Dick further averred that the decree of the probate court in the estate of W.M. Webb made the claim of Murray res judicata and binding upon the bank.
The judgment of the trial court granting interpleader specifically stated that judgment was entered under Rule 22, ARCP. At the time interpleader was filed, the Alabama Rules of Civil Procedure were not in effect, but became effective *Page 926 
July 3, 1973. All of the pleadings except a plea in abatement were filed and considered by the court after the new rules became effective. The judgment granting interpleader was entered in August, 1975, more than two years after the effective date of Rule 22, ARCP.
Rule 86, ARCP provides that the rules
 "[G]overn all proceedings in actions brought after they take effect and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice. . . ."
The primary contention of Dick on appeal is that under the case law of this state, applying Equity Rule 36, Bank's interpleader was not due to be granted. We find no contention that interpleader would not be proper under Rule 22, ARCP.
The contention that Rule 22 should not be applied when the court considered the bill and answer over two years after the effective date of Rule 22 is not well taken. Dick would have us find Rule 22 not applicable while taking full advantage of Rule 12, Rule 34 and Rule 56 in her pleadings. We conclude that the trial court did not err in considering the bill of interpleader as if filed under Rule 22, ARCP. With this conclusion we find it unnecessary to determine whether interpleader would have properly been granted under the interpretations of Equity Rule 36.
We are convinced that the bill of interpleader was properly granted under Rule 22. Rule 22 (a) is, in part, as follows:
 "(a) Plaintiff or Defendant. Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. . . ."
The four historical conditions for sustaining interpleader at law or in equity in this state were removed by Rule 22 according to Committee Comments thereunder. Such has been the construction of Federal Rule 22, Royal School Laboratories,Inc. v. Town of Watertown, 2 Cir., 358 F.2d 813, and in states which have adopted rules of interpleader patterned after Federal Rule 22. Jersey Ins. Co. v. Altieri, 5 N.J. Super. 577,68 A.2d 852. Thus case law applying Equity Rule 36 and Sec. 1179 of Title 7, Code of Alabama (1940) is of little assistance.
The avowed purpose of interpleader has always been to avoid multiple and vexatious litigation, with possible double liability. Pratt v. First Nat. Bank of Fayette, 243 Ala. 257,9 So.2d 744. With the demise of common law procedure which imposed restrictions upon joinder of parties and actions and the trial of separate issues, the historical reasons for restrictive use of interpleader are largely removed. Considering the liberality of the new rules of civil procedure, it appears counter productive to their purpose to deny interpleader when there is a fund to which there are or may be adverse claimants, so long as the court has jurisdiction of the parties. The argument of Dick that interpleader was improperly granted because of an independent liability to her by the Bank arising from contract or tort is not acceptable. Claim of independent liability will not prevent the protection of the stakeholder against the title claims of the adverse claimants.Knoll v. Socony Mobil Oil Co., 10 Cir., 369 F.2d 425 (1966). That is the primary purpose of interpleader — to prevent multiple suits and possible double *Page 927 
recovery of one liability. Pratt v. First Nat. Bank of Fayette,supra.
It is not a requirement of sustaining interpleader that the stakeholder be discharged from further liability or participation in the action. Royal School Laboratories, Inc. v.Town of Watertown, supra. Rule 22 (b), ARCP. If one seeking interpleader has no interest in the outcome of the contest of the claimants, does not deny liability in whole or in part to any of the claimants or a claim of independent liability is not presented, he may be discharged from liability. However, if the pleadings create a genuine issue of fact as to independent liability to a claimant other than upon title to the fund, the stakeholder should be kept in the action and the issue of independent liability be determined at some stage of the proceeding. It is concerning the point in the proceedings that the issue of independent liability is to be determined that differences arise. Moore's Federal Practice, 2d Ed. Vol. 3A, Sec. 22.14 (3). It would appear that the proper point for determining the issue of independent liability should come after settlement of the claimant's dispute. If the claimant asserting independent liability prevails in that dispute, there would be no need to proceed further, since he could not recover twice.
It was in discharging the Bank from further liability without giving opportunity for determining the issue of independent liability that the trial court erred. We reverse the judgment insofar as dismissal of the Bank from further liability and remand for further proceedings on the pleadings.
Dick contends that the decree of the probate court in the matter of the estate of W.M. Webb bars interpleader of the fund.
It affirmatively appears that the Bank was not a party to any action relating to the estate of W.M. Webb. The decree merely reviewed an accounting of funds stated by the executrix to be assets of the estate and approved their distribution under the terms of the will. We perceive no reason and are cited to no authority that such a decree is a determination that the funds stated as assets of the estate as a matter of law rightfully belong to the estate. In any event, the question of title to the funds in the hands of the Bank is the issue between the claimants. That issue still is pending trial. Whether the decree of the probate court is determinative of title to the funds may be placed before the court and settled at the trial of the respective claims. This court therefore does not decide that matter on this appeal.
THE GRANTING OF INTERPLEADER IS AFFIRMED. DISCHARGE OF THE BANK IS REVERSED. APPEAL OF DENIAL OF SUMMARY JUDGMENT IS DISMISSED.
BRADLEY and HOLMES, JJ., concur.
 *Page 125