THOMAS, Judge.
Charles E. Chatham III (“the husband”) petitions this court for a writ of mandamus directing the Calhoun Circuit Court to vacate its June 8, 2012, order granting the “Motion to Interplead Funds” filed by Janie Chatham (“the wife”). We grant the petition and issue the writ.
On March 5, 2012, the wife filed a complaint for a divorce. On March 6, 2012, the trial court entered an order restraining the husband from “disposing, transferring, giving away, spending, or otherwise dissipating directly or indirectly ... any assets or monies belonging to the [wife] and/or the [husband], whether individually or jointly, with the exception of such sums that are necessary to maintain normal and customary day to day living expenses.... ” On June 7, 2012, the wife filed a “Motion to Interplead Funds,” requesting the trial court to require the husband to place any funds received as a result of his inheritance from his father into the trial court. On June 8, 2012, the trial court entered an order granting the wife’s “Motion to Inter-plead Funds” and requiring the husband *663 “to deposit the check in the amount of $100,000.00 representing a partial payment to the [husband] regarding his inheritance from his father into the Circuit Court of Calhoun County, Alabama.”
On June 11, 2012, the husband filed a motion to alter, amend, or vacate the trial court’s June 8, 2012, order. On June 12, 2012, the trial court denied the husband’s motion to alter, amend, or vacate. On June 29, 2012, the husband filed a motion styled as an “Amended Motion to Alter, Amend, or Vacate and Motion for Hearing,” again requesting the trial court to vacate its June 8, 2012, order and requesting a hearing regarding the motion. The trial court denied the husband’s amended motion. On July 12, 2012, the husband filed a timely petition for a writ of mandamus with this court.

Standard of Review

“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’ ”
Ex parte Novartis Pharm. Carp., 975 So.2d 297, 299 (Ala.2007) (quoting Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003), quoting in turn Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)). “A petition for a writ of mandamus is the proper vehicle for seeking review of an interlocutory order.” Ex parte T.J., 89 So.3d 744, 746 (Ala.2012).

Discussion

In his petition for a writ of mandamus, the husband contends that the trial court erred in granting the wife’s “Motion to Interplead Funds” and requiring him to deposit moneys he received as a result of his inheritance into the trial court. Specifically, he argues that the trial court’s June 8, 2012, order is in “complete derogation of the procedures prescribed by Rule 22,” Ala. R. Civ. P. We agree.[1]
Rule 22(a), Ala. R. Civ. P., provides:
“(a) Plaintiff or Defendant. Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.”
(Emphasis added.)
As the plain language of Rule 22(a) states, interpleader is designed to aid a plaintiff or a defendant who could potentially “be exposed to double or multiple liability.” Rule 22(a). Furthermore, the Committee Comments on the 1973 Adoption of Rule 22 indicate that Rule 22(a) is a codification of the concept of “interpleader *664 as it developed in the courts of equity,” with only slight modifications to allow for more liberal usage of interpleader.
“The Committee Comments recognize that this rule, as did its equity predecessor (Equity Rule 36), expressly rejects the technical construction found in conjunction with early interpleader proceedings. Certain elements, however, must be found to exist. First, there must be genuine threat of multiple challenges to a single fund. The likelihood of multiple challenges is sufficient, even though the likelihood of multiple liability may be remote. For example, suppose that claimant A has an almost undeniable claim and claimant B, while vigorous in asserting his claim, has little or no chance of recovery. The fact of exposure to expense and harassment in order to obtain a determination to that effect is ample basis for allowing interpleader.”
1 Champ Lyons, Jr., and Ally W. Howell, Alabama Rules of Civil Procedure Annotated § 22.2 (4th ed.2004) (emphasis added).
In this case, it is clear that there is no risk of multiple or double liability for the parties and that there is no risk of multiple litigation. The only parties to the divorce action are the husband and the wife, and there is no third party alleging any claim to the husband’s inheritance from his father. Moreover, the issues to be decided in the divorce action include what constitutes the parties’ marital property and what is an equitable distribution of the marital property under the facts of the case. After considering the evidence presented by the parties, the trial court will determine whether the husband’s inheritance is divisible marital property or part of the husband’s separate estate pursuant to § 30-2-51(a), Ala.Code 1975, effectively precluding the issue from being litigated again. Therefore, regardless of the trial court’s future decision regarding the husband’s inheritance, it is clear that neither the plaintiff — the wife — nor the defendant — the husband — is at risk of exposure “to double or multiple liability” or multiple litigation. Rule 22(a). Accordingly, because “[t]he avowed purpose of interpleader has always been to avoid multiple and vexatious litigation, with possible double liability,” and because the circumstances providing for an appropriate interpleader are lacking in this case, we conclude that the trial court erred in granting the wife’s “Motion to Interplead Funds” in its June 8, 2012, order. Dick v. First Nat’l Bank of Birmingham, 334 So.2d 922, 926 (Ala.Civ.App.1976) (citing Pratt v. First Nat’l Bank of Fayette, 243 Ala. 257, 9 So.2d 744 (1942)). Therefore, we grant the husband’s petition and issue a writ of mandamus instructing the trial court to vacate its June 8, 2012, order.[2]
In his petition, the husband also requests that this court issue an order requiring the trial judge to recuse herself from the parties’ divorce action. The materials filed with this court indicate that the husband did not file a motion to recuse with the trial court, and, thus, the issue of *665 recusal is not properly before this court. Therefore, we decline to address the husband’s request that the trial judge be required to recuse herself from presiding over the parties’ divorce action.

Conclusion

Based on the foregoing, we grant the petition and issue the writ ordering the trial court to vacate its June 8, 2012, order requiring the husband to interplead funds from his inheritance into the trial court during the pendency of the divorce action.
PETITION GRANTED; WRIT ISSUED.
PITTMAN and BRYAN, JJ„ concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings.

. The husband makes several other arguments regarding the impropriety of the trial court's June 8, 2012, order. However, because we find the husband’s first argument to be determinative, we pretermit discussion of the husband’s other arguments. See Ex parte Wright Bros. Constr. Co., 88 So.3d 817, 822 (Ala.2012) (pretermitting discussion of the parties’ remaining arguments because of the dispositive nature of the venue issue).

. We also note that the wife had previously been granted the relief she requested in her "Motion to Interplead Funds.” Specifically, on March 6, 2012, the trial court entered an order restraining the husband from "disposing, transferring, giving away, spending, or otherwise dissipating directly or indirectly ... any assets or monies belonging to the [wife] and/or the [husband], whether individually or jointly, with the exception of such sums that are necessary to maintain normal and customary day to day living expenses....” Thus, the husband is restricted from disposing of his inheritance, and any disposition of his inheritance other than “to maintain normal and customary day to day living expenses” during the pendency of the parties’ divorce action will be in violation of the trial court's March 6, 2012, order.