# Luling v. Sheppard.

*Action of Forcible Entry and Unlawful Detainer.*

1. *Forcible entry and unlawful detainer ; fact of agency no defense.*— In an action of forcible entry and unlawful detainer, the defendant can not defend upon the ground that his entry and the detention were in the capacity of agent, and not in his own right; since the act of forcible entry or unlawful detainer is a tort, and an agent is personally liable for his own torts.

[Luling v. Sheppard.]

2. *Same; estoppel.*—Where, in an action of forcible entry and unlawful detainer against a married woman, she defends on the ground that what was done was wholly the act of her husband, and such defense is sustained by his testimony, in a subsequent suit for unlawful detainer of the same premises, brought against the husband, he can not defend such suit on the ground that his acts were those of the agent of his wife, and were not done in his own right.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a suit commenced before a justice of the peace on the 2d day of March, 1895, by the filing of a complaint which averred that plaintiff sued "to recover the possession of the following tracts of land in the western suburbs and within the limits of the old city of Mobile, viz., [describing the lands], of which he was in possession, and upon which, pending such possession, and before the commencement of this suit, the defendant forcibly entered, and now unlawfully detains." The defendant filed two pleas : the first was a plea of not guilty ; the second plea set up that a former suit had been brought against Kate A. Sheppard, the wife of the defendant, for the forcible entry and unlawful detainer of the same lands ; that a trial thereof was had in the justice of the peace court, that it was appealed to the circuit court, and verdict and judgment entered for defendant. In the present suit, in the justice court the trial resulted in judgment for the defendant.

The plaintiff appealed the case to the circuit court, and there demurred to the second plea of the defendant, and the demurrer was sustained. On January 8th, 1896, the plaintiff amended his complaint by adding thereto, an additional count which sued "to recover possession of the following tract of land in the western suburbs, and within the limits of the old city of Mobile, viz., [here describing the lands], of which he was in posession, and upon which, pending such possession, and before the commencement of this suit, the defendant peaceably entered, and then by unlawful refusal, kept the plaintiff out of possession thereof, and now unlawfully detains the same." No special plea was filed to this count. The case was tried upon the general issue as to each count.

On the trial of the cause, it was shown that plaintiff had taken possession of the property which was unim-

proved, and inclosed it with fences in the year 1887; that before defendant took possession of the property, a part of the fences was destroyed and the outside fence removed; which made a common inclosure of the property in controversy with the other property; and that at the time of possession of the property so taken by the defendant, it was being used by another, with the plaintiff's consent, as a pasture; that before the institution of the suit the plaintiff demanded possession of the property from defendant, who declined to surrender possession, saying that it had been fenced in, and he intended to hold it until the law decided the matter.

There was evidence tending to show that the defendant in this case, Charles M. Sheppard, acted as the agent of his wife, Mrs. Kate A. Sheppard, and that the property of Mrs. Kate A. Sheppard adjoined this, that the defendant looked after his wife's interest in this land and attended to it for her; and that he was in possession of the property as such agent of his wife.

There was testimony for the plaintiff tending to show that he had brought a previous suit against Mrs. Kate A. Sheppard, the wife of the present defendant, and that the defendant in the present suit had conducted the defense in the former suit, without his wife taking any part therein, and as a defense to that suit, the said defendant denied that his wife was in possession of the property, and upon such a defense defeated the plaintiff's right of action.

Upon the introduction of all the evidence, the court, at the request of the defendant, gave to the jury the following written charges, to the giving of each of which the plaintiff separately excepted: (1.) "If the jury believe from the evidence that there was a case of Luling v. Kate Sheppard tried in this court in 1895, in which suit the plaintiff, Luling, was then suing Kate Sheppard, wife of the defendant, in an action for a forcible entry and detainer for the same land now sued for in this action, and that the same attorney that represented Mrs. Sheppard in the former suit now represents the defendant in this case, as agent for his wife, and if they should believe from the evidence that said attorney in stating to the court and jury the line of the defense and the evidence he expected to show in support of the defense of such former suit, stated: 'that Mrs. Kate Shep-

[Luling v. Sheppard.]

pard did not take forcible possession of the land nor unlawfully detained it ; nor did she ever put her foot on the land ; nor unlawfully refuse to deliver possession of the land to plaintiff on demand,' that such statements, if made, do not operate any estoppel against this defendant in this action, and ought not to influence the jury in making up their verdict in this case." (2.) "If the jury believe from the evidence that at the time plaintiff demanded of this defendant to give him, plaintiff, the possession of the land sued for, the land was in possession of, or under the control of, Kate Sheppard, and the defendant had no control or dominion over the land, then defendant's failure to comply with such demand did not make him guilty of an unlawful refusal to deliver possession of the land to the plaintiff, and their verdict should be for the defendant." (4.) "If the jury believe from the evidence that the defendant entered upon and took actual possession of the land sued for ; but that if they should further believe that at the time the defendant did so take possession, the land was vacant and uninclosed, and that there were no notices upon the land, nor any sign, evidencing actual possession of, or claim by, the plaintiff to the land, then they should find the defendant not guilty." (5.) "The defendant asks the court to charge the jury that the mere fact that plaintiff demanded of defendant to deliver possession of the land sued for, to the plaintiff, and that defendant did not comply with such demand, is not sufficient to convict this defendant in this action" (6.) "If the jury believe from the evidence that the defendant was in possession of the land only as agent for Kate Sheppard, then his possession was that of said Kate Sheppard."

There were verdict and judgment for the defendant. The plaintiff appeals ; and assigns as error the giving of each of these charges requested by the defendant.

GREGORY L. & H. T. SMITH, for appellant.—1. The plaintiff, before he brought his suit, demanded possession of the property from the defendant, who declined to surrender possession to him, saying that he had fenced it in, and that he intended to hold it until the law decided which of two pieces of property he was entitled to. He did not put his refusal upon the ground that he held possession for his wife, nor upon the ground that

he was not in possession thereof. Under these circumstances, he could not, as a defense to the action, deny his possession, or set up that the possession was held for his wife.—*Kirkland v. Trott*, 66 Ala. 421.

2. A previous suit had been brought against her for the possession of the property, and the defendant had conducted the defense thereof, without his wife's taking any part, whatever, therein. As a defense to that suit, the defendant denied that his wife was in possession of the property, and having successfully defeated the plaintiff's right of action upon the ground that Mrs. Sheppard was not in possession of the property, he can not in this suit, set up as a defense that she was in possession of the property.—*Dickson v. McLarney*, 97 Ala. 392, and authorities there cited.

L. H. FAITH, *contra.*—1. It was not pretended that the suit of appellant against Mrs. Sheppard was not defeated because of any such statements made by her attorney in stating her defense to that suit. On the contrary, the testimony of appellee, which is not controverted, shows that in the suit against his wife, he himself testified that she was in the possession of the land. No advantage was derived by either Mrs. Sheppard or Mr. Sheppard, the appellee, from the appellant, nor was appellant induced to do any act to his prejudice by such statements if made at all.—*Caldwell v. Smith*, 77 Ala. 157; *Foreman v. Weil Bros.*, 98 Ala. 495; *Dickson v. McLarney*, 97 Ala. 392.

2. If appellee acting merely as agent for another person employed a man to build a fence around the land and did nothing more towards taking and holding possession than that, he would not be guilty of any *forcible entry* upon the land, nor unlawful detainer.—*McGonegal v. Walker*, 23 Ala. 361. And whatever act of possession he did for his principal was the act of possession of his principal, and did not constitute him (the agent) the possessor of the land.—*Clements v. Hays*, 76 Ala. 284.

COLEMAN, J.—This is an action of forcible entry and unlawful detainer, or of unlawful detainer. There are several questions presented in the record, which we deem it unnecessary to consider. The question which seems to have been a material point in the case on the

trial was whether one person can successfully defend a forcible entry and unlawful detainer or peaceable entry and unlawful detainer of land, when sued, upon the ground, that his entry and detention is in the capacity of agent and not in his own right. One guilty of a forcible entry or unlawful detainer is guilty of a tort. No principle of law is more general and better settled than that one guilty of a tort can not justify on the ground that he was acting in the capacity of an agent, and not on his personal responsibility. It is often a question as to whether the principal is liable for the tortious act of an agent, but it has never been questioned, that the agent was personally liable for his actual torts. The whole question is fully considered in the notes to *Greenberg v. Whitcomb Lumber Co.*, 48 Am. St. Rep. 911; *Mayer v. Thompson-Hutchison Building Co.*, 104 Ala. 611; *Perminter v. Kelly*, 18 Ala. 716; 28 L. R. A. 433.

The instructions on this question given by the trial court are not in accordance with the law, and should not have been given.

We are not sufficiently advised by the abstract to enable us to determine whether the unlawful detainer suit instituted against Kate A. Sheppard, wife of the present defendant, was defended upon the ground, that if there had been a forcible entry upon the lot, and there was an unlawful detainer, it was the act wholly of the husband C. M. Sheppard, of which the then defendant Kate A. Sheppard had no knowledge and was in no way responsible; but if such was the case and this defense was sustained by the testimony of her husband, the present defendant, he would not be permitted when sued to defend upon the- ground that the detention by him was as agent for the wife.

Reversed and remanded.