**ARENDALE et al. v. WASHINGTON et al.**
(8 Div. 567.)

(Supreme Court of Alabama.   April 16, 1925.)

**Tenancy in common ⬅14—Possession of cotenant amounted to an ouster and disseisin of other cotenants.**

Where two sisters were tenants in common of land, and one died, possession of surviving sister amounted to an ouster and disseisin of the heirs of deceased sister as cotenants, where on such death survivor initiated an adverse possession which continued for more than 10 years, which claim was brought home to actual knowledge of other cotenants within a year or two after death of ancestor, and she assessed and paid taxes on lands without interruption during such period, thereby dispensing with necessity of color of title in her, in view of Code 1923, § 6069.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by E. W. Arendale and others against Mazie Washington and others. Decree for respondents, and complainants appeal. Affirmed.

The bill of complaint in this case is filed by certain heirs at law of Jennie Washington against Mazie Washington, and other heirs at law, for the partition of certain lands which the said Jennie Washington owned jointly with her sister, the said Mazie Washington, at the time of her death.

The controversy is between Mazie Washington, who, since her sister Jennie's death, has claimed exclusive ownership of the lands in suit, and her sisters, or their descendants, who claim to inherit in cotenancy the original half interest of Jennie Washington.

The findings of the circuit court are thus stated in the decree: Haralson, Judge:

"This cause was submitted for final decree upon the pleadings and proof as noted by the register and held for decree.

"From a consideration of this case it appears that the defendant Mazie Washington and her sister C. Jennie Washington owned the land in controversy in this case jointly as tenants in common at the time of the death of said Jennie Washington in August of 1907. After the death of Jennie Washington a paper was discovered purporting to be her will, but which was not executed in such formal manner as to make it effective. Nevertheless, at or about the time of her funeral this paper was read by one of those interested in her estate in the presence of all of her brothers and sisters. That purported to give each of her brothers and sisters the sum of $1,000 in full of their respective interests in her estate, and all of the remainder to Mazie Washington. They all assented to it, and the defendant Mazie Washington soon thereafter paid to the other heirs said $1,000 in cash, taking their receipts in full for their distributive share in Jennie's estate. Immediately defendant Mazie Washington listed the land in question as her own for taxes, occupied and controlled it as her own with a knowledge of all the parties that she was thus using and enjoying it, and she has been in such possession and use of the property from the death of her sister, Jennie, down to this time, some 14 or 15 years. The court is therefore of the opinion that all who shared in the distribution of the estate and received $1,000 and all those claiming under them are estopped in equity from claiming any interest in the lands in controversy and that they are barred by the statute of limitations and repose.

"It is therefore hereby ordered, adjudged, and decreed that the complainants are not entitled to the relief prayed for; and their bill of complaint is hereby dismissed out of this court; and the complainants are taxed with the cost, for which let execution issue."

The evidence showed without dispute that immediately following Jennie Washington's death in August, 1907, the respondent, Mazie Washington assessed and paid taxes on the lands, and has continued to do so annually without interruption down to the present time. The evidence also shows that said Mazie actually occupied the lands during all that time openly and notoriously, claiming to own them exclusively and entirely, and taking all rents and profits to the exclusion of all others; and, further, that her adverse and exclusive claim was brought home to the actual knowledge of the other tenants in common, all of whom were then adults, within a year or two after the death of Jennie Washington in 1907.

Complainants appeal from the decree denying relief.

Ernest Parks, of Scottsboro, for appellants.

Adverse possession cannot confer or defeat title to land, unless the party claiming show color of title. Code 1907, § 2830; Cox v. Broderick, 208 Ala. 690, 95 So. 186; McBride v. Lowe, 175 Ala. 408, 57 So. 832; Shannon v. Wisdom, 171 Ala. 409, 55 So. 102. Payment of taxes alone cannot establish an adverse holding. Giddens v. Reddoch, 207 Ala. 297, 92 So. 848, 25 A. L. R. 381; Bellenger v. Whitt, 208 Ala. 655, 95 So. 10; Brannan v. Henry, 175 Ala. 454, 57 So. 967. A tenant out of possession may rest on the possession of a cotenant until actual ouster is shown. Giddens v. Reddoch, supra; Winsett v. Einsett, 203 Ala. 373, 83 So. 117.

D. P. Wimberly, of Scottsboro, for appellees.

In support of the decree, counsel cite Carter v. Owens, 41 Ala. 217; 40 Cyc. 1226; Code 1907, § 4880; Kidd v. Browne, 200 Ala. 299, 76 So. 65, L. R. A. 1918A, 142; Smith v. Roberts, 62 Ala. 83; Black v. Coal Co., 85 Ala. 504, 5 So. 89.

SOMERVILLE, J. Under the evidence before the trial court it was correctly held that the possession of Mazie Washington amounted to an ouster and disseisin of her several cotenants, initiating an adverse possession, which, having continued for more than 10 years, effected a divestiture of their title in favor of the adverse occupant. Abercrombie v. Baldwin, 15 Ala. 363; Brady v. Huff, 75 Ala. 80; Ashford v. Ashford, 136 Ala. 631, 34 So. 10, 96 Am. St. Rep. 82; Hamby v. Folsam, 148 Ala. 221, 42 So. 548.

Under the statute (Code 1907, § 2830; Code 1923, § 6069) the assessment of the lands for taxation by the adverse occupant dispensed with the necessity of color of title in her.

All other questions in the case are irrelevant, and their consideration is therefore unnecessary.

Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.