159 So. 684

## BRITT v. DANIEL.
### 3 Div. 120.

Supreme Court of Alabama.
Feb. 28, 1935.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Mooneyham & Mooneyham, of Montgomery, for appellee.

80

THOMAS, Justice.

The appeal challenges the action of the trial court in setting aside the verdict and granting a new trial at plaintiff's instance.

The suit was for personal injury and property damage growing out of an automobile collision. The trial was had on count 2; and the other pleadings were in short by consent.

The burden is on the plaintiff to show by the evidence the causal connection between the negligence averred and the injury of which complaint is made. Stowers v. Dwight Mfg. Co., 202 Ala. 252, 80 So. 90; Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821.

It is established that, where the losing party is not entitled to recover, in any event, he may not complain of any error committed on the trial. Stephens v. Walker, 217 Ala. 466, 471, 117 So. 22; Kelly v. Hanwick, 228 Ala. 343, 153 So. 269.

The defendant was entitled to the affirmative charge on his plea of contributory negligence because on the undisputed testimony the plaintiff failed to give the signal required by law before bringing his car to a full stop within the public street when and where the accident happened.

Section 63 of the Alabama Highway Code (Acts 1927, p. 372) and section 1397 (65), subds. (a) and (b), of the Code of 1928, provide:

"(a) The driver of any vehicle upon a highway before starting, stopping, backing or turning from a direct line * * * whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in this section, plainly visible to the driver of such other vehicle of the intention to make such movement.

"(b) * * * Whenever the signal is given by means of the hand and arm, the driver shall indicate his intention to stop or turn by extending the hand and arm horizontally from beyond the left side of the vehicle."

See, also, Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

That is to say, the plaintiff as a witness in his own behalf shows his noncompliance with the statute as to giving signals of his intention to stop in the public street and under the circumstances as that it became the proximate consequence of his injury and damages. It will not be necessary to set out the evidence.

The brief and argument of appellant's counsel was to the effect of error in granting the motion for a new trial, and concludes with the observation that the jury was well within its province in determining that the small sum fixed was ample compensation and that "its verdict should not, at the behest of the plaintiff who was entitled to receive nothing, be disturbed."

The judgment of the circuit court in granting a new trial on plaintiff's motion was laid in error, and is therefore reversed. A judgment will be here rendered overruling the motion for a new trial.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.