168 So. 884

## SHOTTS v. CARPENTER et al.

### 6 Div. 927.

Supreme Court of Alabama.

June 11, 1936.

Travis Williams, of Russellville, and E. B. Fite, of Hamilton, for appellant.

Wm. L. Chenault, of Russellville, and K. V. Fite, of Hamilton, for appellees.

BROWN, Justice.

The bill is by the appellant, a son of T. L. Shotts, deceased, and one of his heirs at law, against the widow and the other heirs of said Shotts to establish a resulting trust in the growing timber on "the West half of section 17, township 9, range 15, west, Marion County, Alabama," alleged to have been conveyed along with the title in fee by Armenia Ammons and her husband, M. A. Ammons, through Jason P. Ford as their attorney in fact, to T. L. Shotts on the 17th day of October, 1907. The bill was filed on April 12, 1935, approximately 28 years after the execution and delivery of said deed.

The bill, in short, avers that the land with the timber growing thereon was purchased jointly by the complainant and said T. L. Shotts, and each paid one-half of the purchase money, with the agreement that the timber should be the property of complainant, but that the deed was executed to and title in fee vested in said T. L. Shotts.

Upon submission on pleadings and proof, the circuit court reached the conclusion, as appears from the opinion incorporated in the record, that the complainant failed to meet and carry the burden of proof, pointing out that he had failed to show continuous possession, in fact possession at all, except permissive use by occasional cutting of timber; that he had never asserted title and paid taxes on the asserted interest; that he had previously filed a bill, along with some of the other heirs, alleging that said land belonged to said T. L. Shotts, deceased, seeking, as a tenant in common with the other heirs, to have the land sold for division. In addition to these infirmities, the original writing purporting to have been signed by Jason P. Ford, the attorney in fact, stating the substance and terms of the contract of sale, has been certified here under rule 24 of Supreme Court Practice for inspection, and our conclusion is that the purported signature of Ford is in the same handwriting of the person who wrote the body of the instrument, and the undisputed evidence is that Ford did not write said paper.

We therefore concur in the conclusion of the circuit court, that the complainant

488

·did not meet and carry the burden of proof assumed by the averments of the bill.

■| The evidence further shows that T. L. Shotts was in possession, asserting title to the entire property up to his death in 1934, and such possession and asserted ownership for more than twenty years forecloses judicial inquiry into his title and ownership. Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217.

The judgment here is that the bill was properly dismissed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.