2 So.2d 782

### BROWN HAULING CO. v. NEWSOME.

6 Div. 742.

Supreme Court of Alabama.

May 29, 1941.

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellant.

Taylor & Higgins and Waldrop Windham, all of Birmingham, for appellee.

GARDNER, Chief Justice.

Plaintiff's car collided with defendant's truck at the intersection of 24th Street and 36th Avenue in the City of Birmingham, inflicting injuries for which plaintiff recovered a judgment upon a complaint containing two counts, the first resting upon simple negligence and the second, wantonness. The refusal of the affirmative charge as to each count is assigned as error and argued in brief.

Likewise the denial of the motion for a new trial is assigned as error. These are the only questions here presented for decision.

The proof was ample to the effect that the driver of defendant's truck entered the intersection, driving west on 36th Avenue and into 24th Street, in disobedience of the city ordinance requiring him to stop before so entering the intersection, and that the legible "stop sign" before him was ignored. Defendant's insistence for the affirmative charge upon the simple negligence count is rested upon the theory plaintiff was guilty of contributory negligence proximately contributing to the accident as a matter of law and is of consequence barred of recovery thereon, citing Britt v. Daniel, 230 Ala. 79, 159 So. 684; Greer v. Marriott, 27 Ala.App. 108, 167 So. 597, and Griffith Freight Lines v. Benson, 234 Ala. 613, 176 So. 370.

Defendant first insists plaintiff was guilty of negligence in admittedly failing to stop at the intersection as he entered 24th Street going south, as stipulated in Section 2, Ordinance 25 F of the City of Birmingham. But plaintiff's evidence was to the effect there was not at that time and indeed had never been any sign of any character at that point. As a consequence, under the provision of our statute [Section 1397(102), Michie Code 1928, Code 1940, Tit. 36, § 48], said ordinance was ineffective to constitute plaintiff a violator thereof.

Defendant next insists plaintiff was guilty of negligence in driving at a speed (in excess of 20 miles per hour) made prima facie unlawful by city ordinance. As pointed out in Whittaker v. Walker, 223 Ala. 167, 135 So. 185, such an ordinance fixes only a prima facie case of negligence and is not to be construed as showing conclusively actionable negligence in the event the named speed is exceeded.

While plaintiff's proof discloses he approached the intersection at a speed in excess of 20 miles per hour (25 to 30 miles per hour), yet his speed was not unreasonable and by application of his brakes the speed was reduced to 8 or 10 miles per hour when his car struck the truck on the side.

There is still another theory upon which the simple negligence count was due for submission to the jury. Defendant's truck driver insisted he had stopped at the intersection as required by the ordinance and entered the intersection in second gear at a speed of 8 miles an hour and had proceeded into the intersection only 8 feet, when he saw plaintiff coming towards him some 60 feet distant at a speed of 50 miles per hour. The width of each street (36th Avenue and 24th Street) was 30 feet. If such was the case the danger of collision was imminent. But the driver admits he did nothing, though by application of the brakes he could have stopped his car within a distance of one foot, and by so doing, we think the jury could reasonably infer from the proof plaintiff might have avoided striking the truck. Defendant was not due the affirmative charge upon the simple negligence count. We are of the opinion the theory of subsequent negligence was likewise applicable in this case.

As to the wanton count little need be said. Defendant cites the recent decisions of Law v. Saks, Ala.Sup., 1 So.2d 28 [1], and Birmingham Electric Company v. Turner, Ala.Sup., 1 So.2d 299 [2]. But the facts of these cases differ so widely from the instant case as to render them ineffective as precedents here.

Plaintiff offered proof tending to show defendant's truck driver entered 24th Street, one of the principal thoroughfares in Birmingham and carrying much traffic going north out of the city, at a speed of 40 or 45 miles per hour and at no time sounded any warning or slackening his speed and wholly ignoring the stop sign and the ordinance which required him to stop at this busy thoroughfare before entering.

Clearly enough the jury could reasonably infer the driver of the truck was entirely familiar with this street and its heavy traffic and in thus entering it at such speed in violation of law and without slackening his speed or blowing his horn or applying his brakes he was conscious that such an act would likely or probably result in in-

jury, and that he proceeded with reckless indifference to the consequences.

This evidence, if believed, made out a case of wantonness (Duke v. Gaines, 224 Ala. 519, 140 So. 600, Godfrey v. Vinson, 215 Ala. 166, 110 So. 13), and the affirmative charge as to this count was likewise properly refused.

The rule by which we are here governed in considering the action of the trial court in denying a motion for a new trial is well understood and needs no repetition. Suffice it to say, guided by that rule, we are not persuaded this is a case calling for any disturbance of the trial court's ruling in this regard.

It results that we find in the record no error to reverse and that the judgment is due to be affirmed.

It is so ordered.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.