128 So.2d 530

**Johnny M. OSBORN**

v.

**Ford POINTER.**

**7 Div. 635.**

Court of Appeals of Alabama.

March 28, 1961.

Pilcher & Floyd, Gadsden, for appellant.

Rowan S. Bone, Gadsden, for appellee.

HARWOOD, Presiding Judge.

This was a suit on the common count claiming $650 due by account.

The pleading was in short by consent, etc.

At the beginning of the trial below the attorney for the defendant announced that the defense would be "not indebted," and that the plaintiff's claim was based on an illegal consideration.

In his own behalf the plaintiff testified that on 11 May 1959, at the defendant's request he had cashed five checks for him totaling $650; that payment had been refused by the bank on all of these checks.

On cross-examination the plaintiff testified that on 11 May 1959, the defendant had come to his house five different times and asked him to cash these checks for him.

The defendant was then asked the following questions:

"Q. All right. Do you know what Johnny was doing up in the woods? A. Naw, I wasn't up there, but I guess I had an idea.

\* \* \* \* \* \*

"Q. Well, do you know or do you not know what they were doing? A. I didn't go up there.

\* \* \* \* \* \*

"Q. But you don't know what he was doing up there. A. No, sir.

\* \* \* \* \* \*

"Q. Do you know what Johnny was doing with the money up there in the woods where he was? A. I didn't ask him what he was doing with it.

"Q. Do you know what he was doing with the money? A. I probably had a idea, but—well—

"Q. Well, what was that idea? A. Well, I figured they were gambling up there."

In his own behalf the defendant testified that he had never gone to the plaintiff's home at any time on 11 May 1959; that he had never requested plaintiff to cash any checks for him on that date; that he had never engaged in any gambling on the 11th of May 1959, and that the five checks bearing his signature were forgeries.

The five checks in question were received in evidence on behalf of the plaintiff, as well as a piece of paper upon which defendant had written his name in the presence of the jury.

The jury rendered a verdict in favor of the plaintiff for the amount sued for. The defendant's motion for new trial being denied, an appeal was perfected to this court.

Counsel for appellant argued two points, in brief. The first point is to the effect that the claim was based on an illegal consideration and was void in that the debt was incurred in a gambling transaction.

By virtue of Sec. 44, Tit. 9, Code of Alabama 1940, agreements based on gambling transactions are void.

■ Where money is borrowed for gambling purposes and the lender knows that the money is to be used for such purposes, then under the doctrine of our cases, such transaction is deemed to be based upon an illegal consideration, and is unenforcible. Lee v. Boyd, 86 Ala. 283, 5 So. 489.

■ The burden is on one asserting that a contract was violative of the statute making void contracts based on gaming consideration to establish such defense. Allen v. Caldwell, Ward & Co., 149 Ala. 293, 42 So. 855; Hooper v. Nuckles, Ala.Sup., 39 So. 711, (not reported in Alabama Reports).

The only evidence tending to establish the defense's contention that the plaintiff's claim was void because it rose from a gambling transaction, is the testimony elicited from the plaintiff on his cross-examination, and which we have set out above. Actually, the plaintiff's testimony is to the effect that he did not know for what purpose the defendant intended to use the money procured by the cashing of the checks—that "he probably had an idea," and that this idea was, "Well, I figured they were gambling up there."

■ We cannot see that this testimony possesses any real probative value. It presents nothing more than surmise and speculation on the part of the plaintiff. It was

the defendant's testimony that he had not engaged in any gambling transaction on the day that the plaintiff contends he cashed the checks for him. Clearly, the jury was warranted in finding that the defendant had failed to sustain his plea that the plaintiff's claim was based upon a gaming transaction.

█ Further, we cannot see that the appellant, having strenuously denied in his testimony that he had gambled with the appellee, and by such testimony having repudiated his plea of unlawful consideration, is in a position to urge on appeal, the very point he repudiated in the trial below. See Luling v. Sheppard, 112 Ala. 588, 21 So. 352; Hartley v. Alabama Nat. Bank of Montgomery, 247 Ala. 651, 25 So.2d 680; Walker v. Walker, 245 Ala. 154, 16 So.2d 190.

█ It should also be noted that, unlike loans to enable the borrower to engage in gambling, loans extended to enable the borrower to pay antecedent gambling debts generally are recoverable by the lender. See 53 A.L.R.2d 345, at page 367. This rule has been approved in Alabama. White v. Yarbrough, 16 Ala. 109.

Under the meager evidence presented below, it could not be determined whether the checks were cashed for money to enable the defendant to pay gambling debts already incurred, or whether the money was to enable the defendant to engage in gambling, even assuming that there had been a gambling operation. This in itself would further question the sufficiency of the evidence in relation to the burden to be carried by the defendant.

█ Counsel for appellant have also argued a second point relating to a ruling on the admission of evidence. There is no assignment of error pertaining to this incident. This point is therefore not before us for review. See Alabama Digest, Vol. 2A, Appeal and Error, ☞728(1) and 728(2) for innumerable authorities.

Affirmed.